15

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 3031 | **DATE** | May 11, 2011 |
| **CASE TITLE** | Richard Listenbee (B-43986) v. City of Harvey, Illinois, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [3] is granted. The Court orders the trust fund officer at Plaintiff's current place of incarceration to deduct $18.87 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee. The Clerk is directed to send a copy of this order to the trust fund officer at Hill Correctional Center. The Clerk shall also: (1) terminate Defendant the City of Harvey Police Department; (2) issue summonses for the remaining three Defendants; and (3) send Plaintiff a Magistrate Judge Consent Form, Instructions for Submitting Documents, and a copy of this order. Plaintiff's motion for appointment of counsel [4] is denied without prejudice.

■ [For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff, Richard Listenbee, presently an inmate at Hill Correctional Center, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff is granted leave to file *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $18.87. The trust fund officer at Plaintiff's current place of incarceration is ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at the correctional facility where Plaintiff is confined is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Il. 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt review of the complaint.

Plaintiff alleges that on September 16, 2010, he exited the City of Harvey Police Department and started walking away from the station. Defendant, Harvey Police Officer Michael Kelly, followed Plaintiff and yelled something indistinguishable to Plaintiff. Kelly approached Plaintiff in an aggressive manner and twice struck Plaintiff on the head with a metal object. Kelly ordered Plaintiff to the ground but, in fear for his life, Plaintiff turned around and started to walk away. Kelly followed him and struck him multiple in legs and arms with the metal object. At all times, Plaintiff was unarmed and did not pose a threat to Kelly. Plaintiff was as arrested and taken to the police station. While in police custody, Plaintiff asked for, but did not receive any medical treatment for the injuries he sustained during Kelly's alleged excessive force.

Plaintiff further alleges that the Chief of Police, Denard Eves, the City of Harvey, and City of Harvey Police

| | JJD |
|---|---|

Department failed to properly train and supervise Kelly. He alleges that these Defendants have a history of condoning such behavior, creating a culture within the police department that such actions are allowed..

Plaintiff may proceed with his claims against the Defendants, except for the City of Harvey Police Department, which is not a suable entity. *See West By & Through Norris v. Waymire*, 114 F.3d 646, 646-47 (7th Cir.1997); *Gray v. City of Chicago*, 159 F. Supp. 2d 1086, 1089 (N.D. Ill. 2001).

The Clerk shall: (1) terminate Defendant the City of Harvey Police Department; (2) issue summonses for service of Plaintiff's complaint on the remaining three Defendants; and (3) send Plaintiff a Magistrate Judge Consent Form, Instructions for Submitting Documents, and a copy of this order.

The United States Marshals Service is appointed to serve the Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. With respect to any former employee who can no longer be found at the work address provided by Plaintiff, the City of Harvey shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any court filing to the Defendants [or to defense counsel, once an attorney has entered an appearance on behalf of the Defendant]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

Plaintiff has also filed a motion for appointment of counsel. Plaintiff's motion for appointment of counsel is denied. Civil litigants do not have a constitutional or statutory right to counsel. *See Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004) (citing 28 U.S.C. § 1915(e)(1)); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). In deciding whether to appoint counsel, the Court must "first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Gil*, 381 F.3d at 656 (quoting *Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992)). If so, the Court must consider: (1) whether, given the degree of difficulty of the case, Plaintiff appears competent to try it himself; and (2) whether the assistance of counsel would provide a substantial benefit to the Court or the parties, potentially affecting the outcome of the case. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *Gil*, 381 F.3d at 656.

After considering these factors, the Court concludes that appointment of counsel is not warranted. While Plaintiff has demonstrated that he has made reasonable efforts to retain private counsel, he has not alleged a physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Plaintiff's case, at the present time, does not involve complex issues, complex discovery, or an evidentiary hearing. In addition, the Court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, Plaintiff's motion for appointment of counsel is denied without prejudice.

Wm. J. Hibbler