IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD LISTENBEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.: 11-C-3031 |
| vs. | ) | |
| | ) | Hon. Judge Hibbler |
| CITY OF HARVEY ILLINOIS, CITY OF | ) | |
| HARVEY POLICE DEPARTMENT CHIEF OF | ) | |
| POLICE DENARD EVES, OFFICER DEAUDRAY | ) | Magistrate Judge Arlander Keys |
| KELLEY, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT DENARD EAVES'
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AT LAW**

NOW COMES the Defendant, City of Harvey Police Department Chief of Police Denard Eaves ("Eaves" or "Defendant") by his attorneys, Johner T. Wilson III, Julie P. Sieracki and Daley Mohan Groble, P.C., and pursuant to Fed. R. Civ. P. 12(b)(6), moves this Court for entry of an order dismissing Plaintiff Richard Listenbee's Amended Complaint at Law.  In support, Defendant states:

**INTRODUCTION**

Plaintiff, Richard Listenbee filed a complaint at law under 46 U.S.C. Section 1983 alleging certain injuries arising from his arrest on September 16, 2010. Plaintiff subsequently filed an Amended Complaint at Law, again based on injuries allegedly arising from his arrest on September 16, 2010. The Amended Complaint avers two separate causes of action, one for deprivation of civil rights associated with the alleged use of excessive force by Defendant Deaudray Kelley and one for "deliberate indifference to serious medical need," based on allegations of the lack of medical care received by Plaintiff once taken into custody.  In his

1

Case: 1:11-cv-03031 Document #: 23 Filed: 08/25/11 Page 2 of 9 PageID #:343

complaint, Plaintiff completely fails to identify, with any level of specificity, the alleged acts of misconduct on the part of Defendant Denard Eaves. Furthermore, Plaintiff does not plead any personal involvement whatsoever on the part of the Defendant. As such, Plaintiff's claim as to Defendant Eaves cannot survive on its face and must be dismissed.

## LEGAL STANDARDS

When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court takes the allegations in the complaint as true, viewing all facts in the light most favorable to the plaintiff. Marshall-Mosby v. Corporate Receivables, Inc., 205 F.3d 323, 326 (7th Cir. 2000). Although a complaint does not need detailed factual allegations, to survive a Rule 12 (b)(6) Motion to Dismiss a plaintiff must "show that it is plausible, rather than merely speculative, that he is entitled to relief." Tamayo v. Blagoyevich., 526 F.3d 1074, 1083 (7th Cir. 2008). Where the plaintiff alleges facts that show he has no viable claim against the defendant, the Plaintiff can "plead himself out of court," and the complaint should be dismissed pursuant to Rule 12(b)(6). Pugh v. Tribune Co., 521 F.3d 686, 699 (7th Cir. 2008). The court is not obligated to accept a complaint that merely raises the possibility of relief. EEOC v. Concentra Health Services, Inc., 496 F.3d 773, 776 (7th Cir. 2007).

Under Fed. R. Civ. P. 8(a), a court must determine whether a complaint states a claim "that is plausible on its face." Rao v. BP Products North America, Inc., 589 F.3d 389, 398 (7th Cir. 2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Justice v. Town of Cicero, 557 F.3d 768, 771 (7th Cir. 2009). "[T]hreadbare recitals of a cause of action's elements, supported by mere conclusory statements" do not suffice. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.") (further citation omitted). In light of

Twombly and Iqbal, courts need not accept conclusory statements of law or non-specific factual allegations. Brooks v. Ross, 578 F.3d 574, 581 (7th Cir. 2009).

Further, a court should not strain to find inferences not plainly apparent from the face of the complaint. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). A court is not obligated to accept unsupported conclusions of fact or assertions involving mixed allegations of fact and law. Hickey v. O'Bannon, 287 F.3d 656, 658 (7th Cir. 2002). The factual allegations must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. Concentra Health, 496 F.3d at 776 (quoting Twombly, 127 S.Ct. at 1965, 1973 n. 14 (2007)).

**ARGUMENT**

Even assuming all facts in Plaintiff's Amended Complaint as true, Plaintiff fails to state a claim upon which relief can be granted as against Denard Eaves. Despite the low threshold of federal liberal pleading standards, the amended complaint fractures elementary requirements of Rule 8 and fails to give the Defendant fair notice of the claims against him, the basis of such claims and the relief sought against him. Plaintiff has alleged nothing which would give Denard Eaves notice of his personal involvement in the claimed misconduct, a requirement for establishing liability in Section 1983 causes of action.

"[A] complaint's ability to survive a Rule 12(b)(6) challenge inevitably turns on its ability to satisfy Rule 8 of the federal Rules of Civil Procedure – the general rules of pleading a claim for relief." Lekas v. Briley, 405 F.3d 602, 606 (7th Cir. 2005). In pleading a claim, Rule 8 only requires a plaintiff to follow three simple steps: (1) give a short and plain statement of the grounds for the court's jurisdiction; (2) provide a short and plain statement of the claims showing that the pleader is entitled to relief; and (3) make a demand for the relief sought. Fed.R.Civ.P.

8(a). The purpose behind Rule 8 is to ensure that both the defendant and the court have fair notice of the claims alleged. *See* Wade v. Hopper, 993 F.2d 1246, 1249 (7th Cir. 1993).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 129 S.Ct. at 1949, citing Twombly at 570 (internal citations omitted). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Id. citing Twombly at 570. To survive a motion to dismiss, a plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. citing Twombly at 570. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. citing Twombly at 570.

In the end, the question in a Rule 12(b)(6) motion is whether the complaint gives the defendant fair notice of a claim and the grounds on which the claim rests. *See*: Twombly, U.S. at 555; Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 122 S. Ct. 992 (2002); Mosely v. Board of Education of City of Chicago, 434 F.3d 527, 533 (7th Cit. 2006). Fair notice should "outline or adumbrate" the alleged violations and connect the violations to the defendants. Failure to make this connection falls short of stating a cause of action under §1983 against a person in his or her individual capacity. *See generally* Iqbal, 129 S.Ct. at 1949-50. Liability under §1983 requires an individual have direct responsibility for or a causal connection to an alleged constitutional deprivation. Sheik-Abdi v. McClellan, 37 F.3d 1240, 1248 (7th Cir. 1994), *cert. denied*, 513 U.S. 1728 (1995) (liability under §1983 does not attach unless the individual defendant caused or participated in a constitutional deprivation.); *see also* Wolf-Lillie v. Sonquist, 699 F.2d 864, 869 (7th Cir. 1983).

It is well settled that individual liability under Section 1983, no matter what the constitutional theory, must be based on personal responsibility. *See:* Schultz v. Baumgart, 738 F.2d 231, 238 (7th Cir. 1984). In other words, a defendant is only liable under Section 1983 if he or she was personally involved in the alleged constitutional violation. Alejo v. Heller, 328 F.3d 930, 936 (7th Cir. 2003); *see also* Wolf-Lillie v. Sonquist, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based upon personal liability and predicated upon fault."); Rascon v. Hardiman, 803 F.2d 269, 273 (7th Cir. 1986) ("an *individual* cannot be held liable in a Section 1983 action unless he caused or participated in an alleged constitutional deprivation") (emphasis in original) (internal quotation marks omitted); *see also* Duncan v. Duckworth, 644 F.2d 653, 655 (7th Cir. 1981). This rule of law is consistent with the mandate of Rule 8. Thus to state a claim under Section 1983 against Defendants, plaintiff must give them notice of their personal involvement in the misconduct that the claims are based upon. *See* Alejo, F.3d at 936; *see* Fed.R.Civ.P. 8(a)(2).

In this case, Plaintiff fails to meet this standard. In his Amended Complaint at law, Plaintiff does not allege any specific act of misconduct on the part of Defendant Denard Eaves that would entitle him to relief as against Eaves. Plaintiff does not allege facts that put Eaves on notice of his personal involvement as to the claims of misconduct brought against him. Plaintiff's complaint states only that the Police Chief "permitted Officer Deaudray Kelley to have in his possession and use a weapon belonging to the City of Harvey," and that this conduct alone was in "wanton, reckless, willful and malicious disregard for the safety of Plaintiff."

Plaintiff does not claim that the Eaves had personally caused his injuries or had any personal involvement in the alleged misconduct which gave rise to those injuries. The complaint does not indicate that Eaves had any knowledge of the alleged incident at any point. Plaintiff

5

does not make any claim that Eaves was on scene during the altercation complained of; he makes no connection which states that Eaves knew that an altercation had occurred among Plaintiff and any police officer; he does not allege that Eaves was even at the Harvey Police Department on September 16, 2010. There is nothing pled to establish a causal connection or personal involvement on Defendant. Plaintiff is simply trying to name Eaves as a defendant on a theory of respondeat superior; an approach which is not allowed when seeking monetary damages under Section 1983. See Adams v. Pate, 445 F.2d 105, 107 (7th Cir. 1971).

Where a Plaintiff fails to allege facts showing that a defendant is in any way personally responsible for the acts which make up the claim, a defendant's motion to dismiss should be granted. Duncan v. Duckworth, 644 F.2d 653, 654 (7th Cir. 1981). In Duncan, the Seventh Circuit affirmed the trial court's dismissal of a claim against a prison warden where the Plaintiff claimed cruel and unusual punishment due to a delay of surgery by the prison hospital. Id. at 656. The Court based its decision on the fact that the warden was removed from the day-to-day operations of the hospital. Id. Based on the nature of his job, the court found it unlikely that the prison warden would have "personally participated in, or have knowledge of, the kinds of decisions that led to the delay of treatment complained of." Id.

Here, Plaintiff does not allege any specific knowledge or personal involvement on the part of Eaves. A complaint does not suffice if it tenders "naked assertions" devoid of "further factual enhancement." Iqbal, 129 S. Ct. at 1949. Plaintiff simply asserts that Eaves is liable for misconduct because of his position with the City. This does not put the defendant on notice of the claim brought against him. There are no assertions or allegations that Eaves knew of the conduct alleged or any prior occurrences relating to Officer Kelley. Like the prison warden in Duncan, the nature of Eaves' job as Chief of Police removes him from day-to-day operations of

individual officers during the course of their duty on any given date and location. The plaintiff has not pled anything that would allow the court to draw the reasonable inference that Denard Eaves is liable for the misconduct alleged. Furthermore, the Plaintiff already knows the identity of the individual claimed to have been responsible. Thus, Eaves need not remain a party to identify any unnamed, responsible parties. *See* Duncan, 644 F.2d at 655-56.

As shown by the above, plaintiff's amended complaint fails to satisfy basic pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure and all counts pled against Defendant Denard Eaves should be dismissed pursuant to Rule 12(b)(6) for failing to state a cause of action. Fed.R.Civ.P. 8(a) and 12(b)(6).

## CONCLUSION

Defendant is cognizant of the liberal notice pleading standards afforded a plaintiff in pleading a complaint; however here the plaintiff has gone too far. Even under the most liberal standard, if Plaintiff has a claim to make against Defendant Denard Eaves, he must indicate some sort of personal involvement or casual connection on the part of the Defendant and cannot base liability on a theory of respondeat superior.

WHEREFORE, for the above reasons, Defendant Denard Eaves respectfully requests the complaint be dismissed with respect to all claims brought against him.

Dated: August 25, 2011

Respectfully submitted,

Defendant Denard Eaves

By: <u>/s/ Julie P. Sieracki</u>
Julie P. Sieracki
Daley Mohan Groble, P.C.
55 West Monroe, Suite 1600
Chicago, Illinois 60603
Telephone: (312) 422-9999
Attorney No. 6304015

**CERTIFICATE OF SERVICE**

      I, Julie P. Sieracki, an attorney, hereby state that before 5:00 p.m. on August 25, 2011, I served a copy of the foregoing **MEMORANDUM IN SUPPORT OF DEFENDANT DENARD EAVES' MOTION TO DISMISS** upon the plaintiff by U.S. Postal Mail and by utilizing this Court's CM/ECF filing system:

Richard Listenbee
B-43986
Hill – HIL
P.O. Box 1700
Galesburg, IL 61401

/s/ Julie P. Sieracki
Julie P. Sieracki
Daley Mohan Groble, P.C.
55 West Monroe, Suite 1600
Chicago, Illinois 60603
Telephone: (312) 422-9999
Attorney No. 6304015

9